**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Dominique Antoinette Spitzers,<br>Plaintiff,<br>v.<br>Golden Technologies Inc.,<br>Defendant. | Case No. 2:25-cv-00541-JAD-BNW<br>**ORDER** |

Before this Court is Plaintiff's motion to compel. ECF No. 26. The Department of Veterans Affairs (VA), a non-party, opposed. ECF No. 39. Plaintiff did not file a reply. On August 31, 2026, Plaintiff filed a motion to supplement her motion to compel. ECF No. 45. No response is needed for this Court to resolve the motion to supplement.

Separately, the VA filed a motion to seal medical records pertaining to Plaintiff. ECF No. 43. No response is needed for the resolution of this motion.

Plaintiff and the VA are familiar with the arguments. As a result, this Court does not repeat them. Instead, this Court will incorporate the arguments as necessary and relevant to this order.

**Supplemental brief**

This Court finds good cause and excusable neglect based on the explanation provided in the brief and grants the motion to file a supplement (ECF No. 45), which is in all actuality a reply.

**Meet and Confer**

Local Rule IA 1-4 allows the Court to "dispense with, or waive any of these rules if the interests of justice so require." Given the procedural posture of this case, a meet and confer would not have obviated the need for a motion. As a result, the interests of justice require a ruling on substantive grounds and not based on the failure to meet and confer.

//

//

**Rule 45 subpoena**

Under Federal Rule of Civil Procedure 45(a)(1), a party may issue subpoenas commanding the production of, amongst other things, tangible things.

The VA has responded to the subpoena (and other requests) explaining that the mobility scooter, which is the subject of the subpoena, was "disposed of." ECF Nos. 39-1, 39-2, and 39-3. Specifically, the VA represents that the mobility scooter was destroyed after the Plaintiff stated it did not want it back. ECF No. 39-1. It is, thus, no longer in their possession, custody, or control. The Court cannot compel production of something no longer in the VA's control. *Lux v. Buchanan*, 2024 WL 1598805, at *2 (D. Nev. Apr. 12, 2024) (quoting *Acosta v. Wellfleet Comm's, LLC*, 2018 WL 664779, at *7 (D. Nev. Feb. 1, 2018)). Plaintiff's supplement simply argues that the VA engaged in spoliation—not that this Court can compel production of an item that no longer exists. Plaintiff remains free to file an appropriate motion raising the issue of spoliation, to which the VA may respond. Accordingly, the motion to compel is denied.

**Motion to Seal**

For purposes of this motion, this Court relies on *Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr for Auto Safety v. Chrysler*, 809 F3d 1092 (9th Cir. 2016). The applicable rules from these cases are as follows: if a motion is dispositive or more than tangentially related to the merits of the case, the party seeking to seal must show a compelling reason for doing so. This is due to the strong preference for public access to the cases filed in court. In all other cases, the movant must show good cause.

The good cause standard applies in this case as the motion is neither dispositive nor more than tangentially related to the merits of the case. Good cause has been shown to seal the requested documents as they contain Plaintiff's medical information.

**Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff's motion to file a supplemental brief (ECF No. 45) is **GRANTED.** The Clerk of Court is instructed to detach the supplement and file it separately on the docket.

**IT IS FURTHER ORDERED** that the VA's motion to seal (ECF No. 43) is **GRANTED**. The Clerk of Court is instructed to maintain ECF No. 40 under seal.

DATED this 1st of September 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE